**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 11-40047-05-RDR**

JORGE M. MUNOZ,

        Defendant.

## O R D E R

This matter is presently before the court upon defendant Jorge M. Munoz' motion to extend the deadline for pretrial motions, which is presently October 31, 2011. Defendant's counsel, John W. Kerns, states he was just reappointed to this case on October 27, 2011, and he needs additional time to review the discovery and determine if any motions need to be filed.

The defendant is charged, along with 14 co-defendants, with conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846. On June 9, 2011, John W. Kerns was appointed to represent the defendant. The court designated this case as complex on June 27, 2011. On June 30, 2011, Paul S. Franco entered his appearance for the defendant after Mr. Franco was retained by the defendant. The court allowed Mr. Kerns to withdraw. On October 27, 2011, the defendant requested that the court terminate Mr. Franco as his counsel and reappoint Mr. Kerns. The court did so, after determining that Mr. Kerns was willing to

accept the reappointment. The deadline for filing pretrial motions at that time was October 31, 2011.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties

because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

The court shall grant the defendant's motion and extend the deadline for filing pretrial motions to December 9, 2011. The government shall have until December 23, 2011 in which to file its responses. The hearing on all pretrial motions in this case shall be held on January 10, 2012 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that defendant Munoz' motion to extend deadline for filing pretrial motions (Doc. # 246) be hereby granted. The deadline for filing pretrial motions shall be extended to December 9, 2011. The government shall have until December 23, 2011 in which to file its responses. The hearing on all pretrial motions in this case shall be held on January 10, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge