IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

         Plaintiff,

    vs.                     **Case No. 11-40047-17/20-RDR**

FERNANDO GARCIA-MARTINEZ
and JORGE CHRISTIAN MUNOZ,

         Defendants.

_____

**O R D E R**

This matter is presently before the court upon the motions of defendants Fernando Garcia-Martinez and Jorge Christian Munoz for an extension of time to file pretrial motions and for complex case designation. These defendants seek an additional 120 days to file pretrial motions. Having carefully reviewed the motions of the defendants, the court is now prepared to rule.

The indictment in this case was initially filed on June 1, 2011. At that time, there were two counts and fifteen defendants. On June 27, 2011, the court declared this a complex case. In that order, the court noted that this case was the result of investigations involving more than 50 defendants. The investigations spanned approximately 19 months and involved multiple wiretap orders and other orders for the collection of electronic information or communication. There were approximately 50 search warrants executed in connection with these investigations. The government estimated that the discovery would

exceed 50,000 pages and involve hundreds of hours of audio records. Since that time, 12 defendants have entered pleas of guilty. A superseding indictment was filed on March 7, 2012. The superseding indictment added five new defendants, including the two instant defendants.

For the purposes of these defendants and the new defendants, the court shall again declare this a complex case. The court shall grant the defendants' motions for extensions of time. The defendants shall be allowed until August 2, 2012 to file pretrial motions. The government shall be allowed until August 22, 2012 in which to file responses to any motions filed by the new defendants and to any motions previously filed by the original defendants. A hearing date for the motions shall be set on September 7, 2012. Counsel are advised that the court will carefully scrutinize any request to extend these deadlines.

The court shall declare that the extension of time granted in this order shall be considered excludable time for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). Under this section of the Speedy Trial Act, the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1)

whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel, or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Given the number of defendants and the breadth and bulk of the discovery, the court believes this case qualifies as a complex case. Discovery has only recently been provided to the new defendants. Under these circumstances, the court believes that a failure to extend the time for filing pretrial motions would result in a miscarriage of justice and prevent counsel for the new defendants and for the government sufficient time to effectively prepare and to adequately represent their clients given the exercise of due diligence.

The court is unaware of any circumstances which would indicate that the public's safety will be threatened by the extension of time in this case. The court believes the parties' and the public's interest in a fair, just and efficient resolution of the

charges is supported by the extension of time issued in this order.

**IT IS THEREFORE ORDERED** that the motions of defendants Fernando Garcia-Martinez and Jorge Christian Munoz for extension of time to file pretrial motions and for complex case designation (Doc. ## 391 and 393) be hereby granted. The defendants shall be allowed until August 2, 2012 to file pretrial motions. The government shall be allowed until August 22, 2012 in which to file responses to any motions filed by the new defendants and to any motions previously filed by the original defendants. A hearing date for the motions shall be set on September 7, 2012. The period of delay resulting from this extension shall be excludable under 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED.**

Dated this 10th day of April, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge